IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOBBY RYDELL NORMAN,<br>Reg. No. 15476-002,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION, *et al.,*<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:18cv753-MHT<br>)　　　　　　　[WO]<br>)<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

On August 8, 2018, Plaintiff Bobby Rydell Norman, a federal prisoner at Edgefield Federal Correctional Institution, filed this complaint under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, naming as defendants the Drug Enforcement Administration ("DEA"), the U.S. Marshals Service, the Alabama Department of Public Safety, the Montgomery Police Department, and Sterling Bank. Doc. No. 1.  Norman alleges that in March 2006, the DEA unlawfully seized his 2002 Cadillac Escalade automobile valued at $21,875, and $8,153 in U.S. currency belonging to him. *Id.* at 4–6.  He seeks declaratory relief, monetary compensation and damages, and any additional relief the court deems proper.  *Id.* at 8.  Upon review of Norman's complaint,

the court concludes this case should be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

## II.   DISCUSSION

### *Statute of Limitations*

Norman's complaint and exhibits reflect that on March 29, 2006, DEA agents, along with other law enforcement officers, seized Norman's 2002 Cadillac Escalade and $8,153 in U.S. currency while executing a search warrant on Norman's Montgomery, Alabama residence.  Doc. No. 1 at 4–6; Doc. No. 1-3 at 5; Doc. No. 1-4 at 1–6.  Also seized during the search was approximately one kilogram of cocaine.  *See, e.g.,* Doc. No. 1-4 at 1.  Norman was arrested on state charges of drug trafficking.  Doc. No. 1 at 6.  According to Norman, the state drug charges were dismissed so a federal prosecution could take place, but federal authorities never prosecuted the case.  *Id.*  Norman asserts that because he was never convicted "in any form whatsoever from the arrest and seizing of [his] property," his property was unlawfully seized "with no legal cause."  *Id.* at 7.  He maintains that he has repeatedly demanded the return of his property with no success.  *Id.*  It is clear from the face of Norman's complaint that Norman's challenge to the alleged unlawful seizure of his

---

[1] Norman sought leave to proceed *in forma pauperis* and was granted *in forma pauperis* status. *See* Doc. Nos. 4 & 5.  A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

property is barred by the statute of limitations applicable to actions filed by an inmate under *Bivens* and/or 42 U.S.C. § 1983.[2]

State law determines the statute of limitations for *Bivens* actions and § 1983 actions. *McIntire v. United States*, 884 F.Supp. 1529, 1531–32 (M.D. Ala. 1995) (citing *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994); *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). *See Owens v. Okure,* 488 U.S. 235, 249–50 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions). Alabama has a two-year statute of limitations for claims alleging personal injury, which is codified at § 6-2-38(1), Ala. Code 1975. That section states that "[a]ll actions for any injury to the person or rights of another not rising from contract and not specifically enumerated in this section must be brought within two years."

The alleged unconstitutional actions about which Norman complains occurred on March 29, 2006. Consequently, the applicable statute of limitations on Norman's unlawful seizure claim expired on March 29, 2008. Norman filed this complaint on August 8, 2018. This filing occurred over 10 years after the period of limitations had lapsed.

Usually, the statute of limitations is a matter to be raised as an affirmative defense. However, in a *Bivens* action, or an action under 42 U.S.C. § 1983, a court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Georgia*

---

[2] *Bivens* actions involve claims against federal actors acting under color of law, while § 1983 actions involve claims against state actors. The legal principles applicable to *Bivens* actions are generally applicable to actions under § 1983. *Bivens* actions, although not precisely parallel, are the analog to § 1983 actions, and the constitutional standard of review is the same for either type of action. *See Butz v. Economou*, 438 U.S. 478, 500 (1978). Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Tavarez v. Reno*, 54 F.3d 109, 110 (2nd Cir. 1995).

*Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[ ] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.  *See Franklin [v.State of Oregon]*, 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In such cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.

Based on the facts apparent from the face of Norman's complaint, Norman has no legal basis on which to proceed on his claims, as he filed this cause of action well over two years after the occurrence of the alleged unconstitutional actions forming the basis of his claims.  Norman's claims are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), as Plaintiff failed to file the complaint regarding these allegation within the time prescribed by the statute of limitations.

2. This case be dismissed prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

It is further

ORDERED that on or before September 28, 2018, Plaintiff may file objections to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE 14th day of September, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE